No. 81-401

IN THE SUPREME COURT OF THE STATE OF MONTAN

1982

-------

TERRY G. JOHNSON,

Plaintiff and Appellant,

vs.

NORTHWEST ORIENT AIRLINES and
HAROLD LEINES, Station Manager,

Defendant and Respondent

-------

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Terry G. Johnson, Pro Se, Lolo, Montana

For Respondent:

Boone, Karlberg and Haddon, Missoula, Montana

-------

Submitted on briefs: February 11, 1982

Decided: ▓▓ ▓▓ ▓▓

Filed: MAR 25 1982

_Thomas J. Kearney_
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Terry Johnson sued Northwest Orient Airlines (Northwest) for canceling a Billings-Missoula flight. The Fourth Judicial District, in and for Missoula County, entered summary judgment for Northwest. The plaintiff appeals.

On December 12, 1979, plaintiff bought a round trip Missoula-Billings ticket from Northwest. On December 22, 1979, plaintiff's scheduled return date, Northwest issued the plaintiff a boarding pass for the Billings-Great Falls-Missoula-Spokane flight. But, weather conditions at take-off time, 9:50 a.m., prevented Northwest from landing in Missoula. Therefore, all Missoula passengers were placed on a Billings-Helena flight and were then taken by bus from Helena to Missoula. Plaintiff was offered a check for $29.70, the savings on his alternative transportation. The check was returned several months later, after this suit was initiated.

Plaintiff alleges he arrived home eight hours late because of the flight cancellation. He earned $153,000 in 1979, working 3,000 hours at $50 an hour. As an insurance agent, he claims his weekends are particularly lucrative, earning him more than $100 an hour for ten hours a day. He is seeking $1,000 damages for the loss of a ten-hour day and $122 refund for his plane fare.

This appeal revolves around whether the District Court erred in granting Northwest's motion for summary judgment. The District Court determined there were no material issues of fact and that Northwest was entitled to judgment as a matter of law. See, Rule 56(c), M.R.Civ.P.

The District Court's findings of fact will be upheld unless clearly erroneous. Rule 52(a), M.R.Civ.P.

Six issues are raised on appeal.

1. Did weather conditions in Missoula prevent the plane from landing? Northwest needs three miles of visibility and a 1300-foot ceiling to land in Missoula. Common sense dictates that only the weather conditions existing prior to take-off, 9:50 a.m., are pertinent. In this case, plaintiff's own exhibit from the National Weather Service shows there was only one and one-half miles of visibility at 9:52 a.m. Therefore, weather clearly prevented Northwest from landing in Missoula.

2. Did Northwest have a legal right to cancel the Billings-Missoula flight in light of the poor weather? Civil Aeronautics Board regulations govern rights and liabilities between airlines and passengers and cover this issue. Tishman & Lipp, Inc. v. Delta Air Lines (2nd Cir. 1969), 413 F.2d 1401. Those regulations authorize airlines to cancel flights when necessary. Civil Aeronautics Board Tariff, 240 and 260. Mack v. Eastern Air Lines (D. Mass. 1949), 87 F.Supp. 113; see also, Jones v. Northwest Airlines (Wash. 1945), 157 P.2d 728. Therefore, Northwest acted within its legal authority in canceling the Billings-Missoula flight.

3. Did Northwest have a right to refuse plaintiff a seat after a boarding pass had been issued? As noted above, the flight was properly canceled due to adverse weather. Civil Aeronautics Board Tariff 240(H) does not require advance notice to be given of flight cancellations. Therefore, Northwest properly excluded plaintiff, even after a

boarding pass had been issued.

Issues four, five and six are irrelevant if no liability is established.

In reviewing the first three issues, we believe there are no material issues of fact and that Northwest is entitled to judgment as a matter of law. Therefore, summary judgment was properly granted. Consequently, we need not address the last three issues.

The District Court judgment is affirmed.


_____
                  Justice


We concur:

_____
        Chief Justice

_____

_____

_____
        Justices